UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY TAYLOR, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case number 4:07cv0898 TCM |
| | ) |
| AL LUEBBERS[1] and | ) |
| CHRIS KOSTER, Attorney General | ) |
| for the State of Missouri,[2] | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Roy Taylor ("Petitioner") for federal habeas corpus relief from his aggregate term of fourteen years imprisonment is before the undersigned United States Magistrate Judge for a final disposition pursuant to the written consent of the parties. See 28 U.S.C. § 636(c).

## Background

Petitioner was tried by a jury in June 2001 on thirteen felony counts charging him with sexually abusing two daughters over a multi-year period.[3] (Resp't Ex. 1; Resp't Ex. 3

---

[1] Al Luebbers is Petitioner's current custodian and is hereby substituted for Jim Moore as Respondent.

[2] Because Petitioner is challenging a sentence to be served in the future, the current Attorney General of the State of Missouri, Chris Koster, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

[3] A fourteenth count, a misdemeanor, was dismissed before trial on the grounds that it was barred by the statute of limitations.

at 6-10.) The State introduced the testimony of the two daughters, one who had been adopted by Petitioner and was then 23 years old and the other who was his natural child and was then 17 years old. (Resp't Ex. 1 at 283-481.) Also testifying for the State were a detective with the Child Abuse Unit of the St. Louis City Police Department and a guidance counselor with the high school attended by the younger daughter. (Id. at 204-82, 482-533.) Petitioner testified in his own behalf. (Id. at 534-82.)

On the second day of deliberations, the jury returned a verdict of "not guilty" on Counts I to III, VI, VII, IX, and XIII. (Resp't Ex. 3 at 3, 80-82, 85-86, 88, 92.) The jury returned verdicts of guilty on six counts involving the younger daughter: the Count IV charge of statutory rape, the Count V charge of deviate sexual intercourse, the Count VIII charge of second degree statutory sodomy, the Count X charge of attempt to commit sodomy, and the Counts XI and XII charges of sexual intercourse with a descendant by blood. (Id. at 54-56, 59-60, 62-67, 83-84, 87, 89-91.) Petitioner was sentenced to six consecutive terms of imprisonment totaling nineteen years. (Id. at 98-102; Resp't Ex. 2.)

Petitioner appealed on three grounds, each of which challenged the sufficiency of the evidence. (Resp't Ex. 4 at 11-13.) The State conceded that there was insufficient evidence to support his conviction on Count VIII, and the appellate court found the evidence insufficient to support his conviction on Count IV.[4] State v. Taylor, 126 S.W.3d 2, 3 (Mo. Ct. App. 2003) (per curiam). The court affirmed his conviction on the remaining four

---

[4]Consequently, Petitioner's sentence was reduced by five years.

counts. Id. at 5. In a supplemental, unpublished memorandum addressing Petitioner's remaining grounds, the appellate court found, in relevant part, as follows.

> [D]efendant contends that the trial court erred in overruling his motion for acquittal in Count X, attempted statutory sodomy in the first degree, because the evidence adduced was not sufficient for the factfinder to find a "substantial step" in that defendant's request for oral sex, without more, was not a sufficient act in preparation for the offense, nor indicative of a firmness of purpose to complete the commission of the offense.
>
> . . .
>
> The jury was instructed on Count X that it had to find that defendant asked victim to perform oral sex on him for the purpose of committing sodomy. Defendant is victim's father. Victim testified that defendant began sexually abusing her after her parents divorced and this abuse took place when he had custody, which was initially almost every weekend. Victim also testified that defendant was "persistent" in asking her for sex and she complied multiple times over a number of years. Victim testified with respect to the charge in Count X that defendant solicited oral sex from her on three different occasions, that she complied on two occasions, but the last time she refused and he did not make her do so.
>
> Defendant argues that this last solicitation alone is insufficient to constitute the substantial step necessary for attempt . . . .
>
> In this case there is ample evidence of defendant's acts and words from which, when considered as a whole, the jury reasonably and fairly could have inferred defendant's purpose to ultimately commit statutory sodomy. Defendant asked victim to perform oral sex when he had custody of her. . . . [T]he request was made in victim's presence, it urged the commission of a crime that could be immediately performed, the request carried the weight of parental authority, it was part of a "persistent" pattern of requests, and the cooperation or submission of the victim was an essential part of the offense of statutory sodomy.
>
> The fact that defendant did not force victim to engage in oral sex after she refused does not show that he did not intend to commit the offense if victim had not refused. Although defendant was acquitted of statutory sodomy based on oral sex, victim testified that defendant had repeatedly sexually

molested her in numerous other ways from the time she was in fifth grade through ninth grade, and she had complied with most of his persistent requests for sexual acts. . . . In this context defendant's request was not "mere conversation standing alone," but was a substantial step. The circumstances under which defendant made his request are strongly corroborative of the firmness of defendant's purpose to commit the offense had victim not refused.

. . .

[D]efendant contends that the trial court erred in submitting Counts V, X, XI, and XII to the jury as there was insufficient evidence to differentiate between the counts in that the victim's testimony did not adequately identify separate acts within the time frames defined by the indictment, or a number of acts corresponding to a number of counts so as to ensure that the jury unanimously agreed on which act supported each count. . . .

      Count XII charged defendant with incest by having sexual intercourse with the victim between the dates of January 1, 1996 and July 31, 1998. . . .

      Defendant was charged with two counts of incest . . . . In closing argument the state indicated that these two counts were broken down by the time periods represented by when defendant lived on Morganford and when he lived on Crittenden. Defendant moved to Crittenden in 1996. Victim testified to an occasion of sexual intercourse when defendant lived on Crittenden. Victim tied the Crittenden incident to a date just prior to her fourteenth birthday (August 11, 1997) when she confided to her sister that she thought she was pregnant. There was sufficient evidence of a specific act of intercourse that occurred in 1997 at defendant's home on Crittenden. This evidence supported the submission of Count XII, the only count to submit incest in this time period, and was distinct from the evidence supporting the submission of Count XI.

. . .

      The instruction on Count XI submitted the offense of incest between August 28, 1993 and December 31, 1995. Victim testified to a number of acts of intercourse during this time period which would have constituted sufficient evidence to support this count. Defendant complains that it is impossible to tell if the verdicts are unanimous on any particular act. The jury was instructed to consider each count separately, and to return a separate verdict for each count, and that it had to unanimously agree on each verdict.

> Defendant could have, but did not, present a motion seeking to require the state to elect which act or acts it would rely upon for conviction. . . . Because the evidence on this act is sufficient for submission and cannot be confused with the evidence supporting the submission on Count XII, we have no basis to accord plain error review.
>
> . . .
>
> The instruction on Count V submitted the offense of statutory sodomy, between August 28, 1993 and January 1, 1995, committed by defendant inserting his finger in victim's vagina. Victim testified that defendant did this every time she visited him, which was almost every weekend from the time he moved to Morganford in 1993. The evidence on which this count was submitted was not divided into separate incidents, but victim testified solely to the pattern. There was no evidence which would allow jurors to believe defendant committed these acts on one occasion and others to believe he committed these acts on a different occasion. . . . Victim's testimony solely presented a question of credibility for the jury. . .

(Id. at 2-8.)

Petitioner next moved for post-conviction relief. (Resp't Ex. 8 at 3-27.) His motion was amended[5] by appointed counsel and denied without an evidentiary hearing. (Id. at 43-76.) Petitioner appealed on one claim of ineffective assistance of trial counsel for failure to offer a lesser-included offense instruction on sexual misconduct for Counts V and X. (Resp't Ex. 9 at 7.) Noting that Petitioner had failed to identify what evidence would have supported such instructions, the appellate court affirmed the motion court. (Resp't Ex. 11.)

Petitioner now requests habeas relief. In his seminal petition, he raises six grounds for relief: (1) his due process rights were violated when the trial court sustained the State's

---

[5]The amended motion included the thirteen claims of trial court error raised by Petitioner in his pro se motion. These claims were denied by the motion court on the ground that they were not cognizable in a post-conviction motion.

- 5 -

motion in limine to preclude trial counsel from outlining in his opening statement what evidence he anticipated developing during his cross-examination of the State's witnesses; (2) his constitutional rights were violated when he was sentenced to a five-year term of imprisonment for an offense, an unclassified felony, for which no statutory punishment existed, consequently, no punishment was authorized; (3) he did not receive adequate notice of what constituted deviate sexual intercourse as charged in Count V; (4) his due process rights were violated when the trial court repeatedly referred to the charges on which he had been acquitted when sentencing him; (5) the evidence was insufficient to sustain his conviction on Count XII; and (6) his conviction on Counts V, X, XI, and XII could not be sustained because there was insufficient evidence to differentiate between the various counts. In his amended petition, he additionally alleges that (7) his sentence on Count XI is unconstitutional because it is greater than that recommended by the jury and, having had no previous felony convictions, the jury's sentence was controlling; (8) his sentence on Count XII is unconstitutional for the same reason; and (9) his conviction on Count X is illegal because there is no statute defining an attempt to commit an unclassified felony as a crime. In support of his seventh and eighth grounds, Petitioner explains that he became aware of both in May 2007. He discovered his ninth ground in August 2006. Petitioner further explains that all three grounds present jurisdictional arguments which he properly presented to the state courts in a state habeas petition.

Respondents contend that grounds one through four and seven through nine are procedurally barred. These grounds should have been, but were not, raised in Petitioner's

direct appeal. Additionally, grounds seven and eight are not supported by the record. The jury wrote the numeral 2 on the verdict forms for sentencing on Counts XI and X; however, the burden was on Petitioner to inquire into any ambiguity when the jury was polled after they returned their verdict as to whether the jury meant the 2 to refer to months, as Petitioner argues, or years, as the sentence imposed reads.

Petitioner counters that Respondents' procedural default argument on grounds seven and eight is frivolous because both raise a jurisdictional defect.[6]

### Discussion

Grounds One through Four: Procedural Default. These claims of trial court error, see page 6, supra, were not raised in Petitioner's direct appeal.

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" **Beaulieu v. Minnesota**, 583 F.3d 570, 573 (8th Cir. 2009) (quoting Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). Thus, "[c]laims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." **Skillicorn v. Luebbers**, 475 F.3d 965, 976 (8th Cir. 2007); accord **Wooten v. Norris**, 578 F.3d 767, 777 (8th Cir. 2009) ("A claim is procedurally defaulted if a habeas petitioner failed to raise it in state proceedings.");

---

[6]Petitioner also contends that Respondents have essentially admitted all the factual allegations in his amended petition because they did not specifically address those allegations in their response to the Court's show cause order. The Court finds this position to be without merit.

**Echols v. Kemna**, 511 F.3d 783, 785 (8th Cir. 2007) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.") (internal quotations omitted). In Missouri, claims of trial court error, including constitutional claims, are to be raised on direct appeal. See **State v. Tolliver**, 839 S.W.2d 296, 298 (Mo. 1992) (en banc); **Phillips v. State**, 214 S.W.3d 361, 364 (Mo. Ct. App. 2007).

"Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice." **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006); accord **Barnett v. Roper**, 541 F.3d 804, 808 (8th Cir. 2008), cert. denied, 130 S.Ct. 63 (2009); **Carney v. Fabian**, 487 F.3d 1094, 1096 (8th Cir. 2007); **Clay v. Norris**, 485 F.3d 1037, 1039 (8th Cir. 2007). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Greer v. Minnesota**, 483 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). What has been established is that a "fail[ure] to raise a claim despite recognizing it[ ] does not constitute cause for a procedural default." **Murray**, 477 U.S. at 486.

Petitioner has not advanced any explanation for the cause of his default. Because no cause has been established, it is unnecessary to consider whether he has demonstrated prejudice. See **Schawitsch v. Burt**, 491 F.3d 798, 804 (8th Cir. 2007); **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996).

Petitioner's defaulted grounds may be reached absent a showing of cause and prejudice for his procedural default if he establishes that a failure to do so will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005); accord **Embrey v. Hershberger**, 131 F.3d 739, 741 (8th Cir. 1997) (en banc). "[I]n noncapital cases the concept of actual innocence is 'easy to grasp,' because 'it simply means the person didn't commit the crime.'" **Id.** (quoting United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1997)). A showing of actual innocence requires *new* evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such exists. Accordingly, Petitioner's first four grounds are procedurally barred.

Grounds Five and Six: Sufficiency of the Evidence. The merits of Petitioner's fifth and sixth grounds were reached, and rejected, by the state appellate court.

Federal habeas relief may be granted only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Additionally, the factual determinations of the state courts are presumed to be correct "absent 'clear and convincing evidence' to the contrary . . . ." **Perry v. Kemna**, 356 F.3d 880, 883 (8th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). This presumption applies regardless of whether the factual determination is made by the state trial court or by the state appellate court. **Id.**

Petitioner argues in Ground 5 that the evidence to support his conviction on Count XII under Mo. Rev. Stat. § 568.020 is insufficient because his younger daughter's testimony about the timing of the alleged incest was too vague to place it within the period identified in the charge.

Due Process and the Sixth Amendment "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." **United States v. Gaudin**, 515 U.S. 506, 510

(1995); **Johns v. Bowersox**, 203 F.3d 538, 543 (8th Cir. 2000) (quoting Gaudin, 515 U.S. at 510). Consequently, Petitioner is entitled to habeas corpus relief under § 2254 "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." **Jackson v. Virginia**, 443 U.S. 307, 324 (1979); **Nance v. Norris**, 392 F.3d 284, 289-90 (8th Cir. 2004) (quoting Jackson, 443 U.S. at 324). The scope of habeas review of such a claim is "extremely limited." **Skillicorn**, 475 F.3d at 977. The question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Jackson**, 443 U.S. at 319 (citation omitted); **Skillicorn**, 475 F.3d at 977 (quoting Jackson, 443 U.S. at 319). It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." **Jackson**, 443 U.S. at 319. This Court "'must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and . . . must defer to that resolution.'" **Whitehead v. Dormire**, 340 F.3d 532, 536 (8th Cir. 2003) (quoting Sexton v. Kemna, 278 F.3d 808, 814 (8th Cir. 2002)) (finding that jury was not required to credit habeas petitioner's testimony when other evidence supported state's case). Additionally, the federal habeas court may not make its own determination of witness credibility, for that determination is for the state court trier of fact. **Robinson v. LaFleur**, 225 F.3d 950, 954 (8th Cir. 2000); accord **Gibbs v. Kemna**, 192 F.3d 1173, 1176 (8th Cir. 1999) (rejecting challenge to sufficiency of evidence of state court

conviction where habeas petitioner's arguments were directed to reliability or credibility of witnesses).

Section 568.020 makes it unlawful for a person to "engage[ ] in sexual intercourse or deviate sexual intercourse with a person he knows to be . . . [h]is . . . descendant by blood . . . " Mo. Rev. Stat. § 568.020(1). Petitioner was charged with, and convicted of, engaging in incest with his daughter by blood between January 1, 1996, and July 31, 1998. The state appellate court found that the daughter's testimony placing an occasion of sexual intercourse when Petitioner lived at a residence he had moved to in 1996 and just prior to her August 1997 birthday was sufficient to support the conviction on Count XII. Granting that finding and the jury's determination the deference both are due, Petitioner's fifth ground is without merit.

In his sixth ground, Petitioner argues that his conviction on Counts V, X, XI, and XII is unconstitutional because there was insufficient evidence to differentiate between the various counts. This insufficiency is attributable, according to Petitioner, to his younger daughter's vague testimony as to the dates. (See Pet'r Mem. at 22, 27.)

The jury was instructed on Count V to find Petitioner guilty of sodomy if, between August 28, 1993, and January 1, 1995,[7] he inserted his finger into his younger daughter's

---

[7]The range of dates reflects the law in Missouri that "in sex offense cases, time is not of the essence. Because time is not an essential element of the crime, the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation." **State v. Bunch**, 289 S.W.3d 701, 703 (Mo. Ct. App. 2009) (internal quotations omitted).

vagina. (Resp't Ex. 3 at 56.) If the jury found that Petitioner, during this same time period, asked the daughter to perform oral sex on him, they were to find him guilty on Count X. (Id. at 62.) If he also during this period engaged in sexual intercourse with the daughter, he was guilty of incest under Count XI. (Id. at 64.) And, he was guilty on Count XII of incest if he engaged in sexual intercourse with the daughter during the period between January 1, 1996, and July 31, 1998. (Id. at 66.)

During her closing argument, the prosecutor informed the jury that the elements that had to be proven beyond a reasonable doubt included the dates. (Resp' Ex. 1 at 612.) The younger daughter testified at trial to Petitioner's persistent sexual behavior toward her. She placed the events in time by referring to where Petitioner lived and what grade she was then in. For instance, he resided at the Morganford address when she was in fifth grade and ten years old and it was during this time that he would place his fingers in her vagina. (Id. at 378-82.) This behavior continued when she was in the sixth grade and eleven to twelve years old. (Id. at 383.) She testified that it was when Petitioner lived on Morganford that he started putting his penis inside her vagina. (Id. at 382.) She was in the sixth grade. (Id. at 383.) When she was in the seventh grade and approximately twelve years old, he was able to put his penis all the way inside her. (Id. at 385-87.) Petitioner was then at the Crittenden address. (Id. at 395-96.) It was at Crittenden that he ejaculated when in her and she thought she was pregnant. (Id. at 465.) She was thirteen. (Id. at 480.) Her father stopped molesting her at the end of ninth grade. (Id. at 395.) She testified that Petitioner asked her three times to put her mouth on his penis. (Id. at 388, 463, 466-67.) The first two times were when he

was on Morganford. (Id. at 463, 466.) She complied two times and refused the third. (Id. at 466.)

The Missouri Court of Appeals' decision finding that the daughter's testimony was sufficient to sustain Petitioner's conviction is not contrary to, or an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d), under the Jackson v. Virginia standard. See **Sexton**, 278 F.3d at 814 (rejecting due process challenge to sufficiency of evidence to support four sodomy charges on grounds that state had failed to prove that petitioner had engaged in sodomy during dates charged; based on victim's testimony that various acts of sodomy had continually occurred over period that included dates at issue, jury could have reasonably concluded that each of charged offenses occurred within the relevant time frame).

Petitioner also attacks his daughter's testimony on the grounds that she failed to "describe the number of acts with the necessary certainty." (Pet'r Mem. at 26.) This attack is unavailing as a habeas challenge. The daughter described at least one act that was a necessary element of each of the Counts of which Petitioner was convicted. This was sufficient to sustain his conviction on the four counts. "A victim's testimony is, by itself, normally sufficient to sustain a conviction." **Loeblein v. Dormire**, 229 F.3d 724, 726 (8th Cir. 2000) (rejecting habeas petitioner's challenge to sufficiency of evidence to sustain incest conviction; victim had testified that petitioner had "performed acts that conform to the elements of each crime charged" and petitioner's attack on that testimony raised issue of credibility that was for trier of fact to resolve).

Grounds Seven and Eight: An Unconstitutional Sentence. Petitioner argues that his sentences on Counts XI and XII are unconstitutional because the two-year term imposed by the trial court exceeded the two-month term recommended by jury, in violation of Mo. Rev. Stat. §§ 557.036[8] and 558.011. Petitioner explains that he unsuccessfully raised these two grounds in the state courts immediately after discovering them in May 2007.[9]

The jury convicted Petitioner in Counts XI and XII of having sexual intercourse with his daughter. The verdict form for each count reads as follows.

> Select one of the following and write it in the above blank. If your selection includes imprisonment, insert the time period.
>
> 1. Imprisonment for a term of _____ * year(s).
>
> 2. Imprisonment in the St. Louis Medium Security Institution for a term of _____.**
>
> 3. Imprisonment for a term of _____ year(s), and a fine, the amount to be determined by the Court.
>
> 4. Imprisonment in the St. Louis Medium Security Institution for a term of _____,** and a fine, the amount to be determined by the Court.
>
> 5. No imprisonment but a fine, in an amount to be determined by the Court.
>
> * Insert 1, 2, 3, 4, 5.
>
> **Insert period of time, but not to exceed one year.

---

[8]Section 557.036.5 prohibits a court from imposing a term of imprisonment greater than that declared by a jury "unless the term declared by the jury is less than the authorized lowest term for the offense, in which event the court cannot impose a term of imprisonment greater than the lowest term provided for the offense."

[9]Neither Petitioner nor Respondents submitted the referred-to pleadings.

(Resp't Ex. 3 at 90-91.) These forms were consistent with the jury instructions that imprisonment in the St. Louis Medium Security Institution was not to exceed one year. (Id. at 64-66.) The verdict forms returned by the jury had a "2" written in the fourth paragraph for Count XI and in the second paragraph for Count XII. In neither form is the "2" followed by a term designating the period of time which it is modifying, i.e., there is no "day(s)," "week(s)," "month(s)," or "year(s)." Petitioner argues that because the "2" is written in the line for imprisonment in the St. Louis Medium Security Institution it had to refer to "months"; consequently, the two-year sentence is unconstitutional.

Petitioner's argument overlooks the provisions of § 558.011. Section 558.011.1(4) authorizes imprisonment for "a term of years not to exceed four years" for a class D felony. In **State v. Quisenberry**, 639 S.W.2d 579, 587 (Mo. 1982) (en banc), the Missouri Supreme Court interpreted the phrase "a term of years" to mean "a term of whole years and not less than one." The incest charges in Counts XI and XII were class D felonies. (See (Resp't Ex. 3 at 9.) Thus, the jury could *not* sentence Petitioner to a term less than twelve months.

One of the "rare instances" in Missouri in which a court may impose a sentence longer than the term imposed by the jury is when the "term declared by the jury is less than the authorized lowest term for an offense . . . ." **Id.** In such an instance, "the court may impose a longer term, so long as it is not in excess of the lowest term provided for the offense." **Id.** at 586. Thus, the trial court could either have interpreted the jury's verdict forms as recommending a term of two years imprisonment on each of the two incest counts or as

recommending no more than two months. If the latter, the term was less than the lowest term and would not have been valid.[10] Either interpretation is consistent with state law. "[W]hen a state creates a 'substantial and legitimate [sentencing] expectation' an 'arbitrary deprivation' of such entitlement may create an independent federal constitutional violation.'" **Toney v. Gammon**, 79 F.3d 693, 699 (8th Cir. 1996) (quoting Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)) (second alteration in original). Absent such expectation, a state sentencing scheme does not raise constitutional issues cognizable in § 2254 proceedings. **Young v. Armontrout**, 795 F.2d 55, 56 (8th Cir. 1986). Petitioner had an expectation of at least a one year term of imprisonment if convicted of a class D felony. He was sentenced consistent with this expectation.

His seventh and eighth grounds are without merit.

Ground Nine: Illegal Sentence. Petitioner alleges in ground nine that his conviction on attempted statutory sodomy (Count X) is illegal because sodomizing a child is an unclassified felony and, at the relevant time, there was no crime of attempt to commit an unclassified felony. Respondents do not dispute that Petitioner has presented this claim to the state courts in a state habeas petition, but argue that the state courts' interpretation of its own statutes is entitled to deference.

---

[10] It is likely that the jury meant to impose a term of two *years* imprisonment. The jury returned a verdict, set aside on appeal, of guilty of statutory rape and recommended a sentence of two years and a verdict, also set aside on appeal, of guilty of statutory sodomy and wrote a "3" in paragraph two of the sentencing options. The jury's intention is not relevant, however, to the resolution of Petitioner's seventh and eighth grounds.

Petitioner was charged in Count X with committing the class B felony of attempting to commit the offense of sodomy of a child less than fourteen years of age, in violation of Mo. Rev. Stat. § 564.011.1 That section provides that "[a] person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." Under this section, "[a]n attempt to commit an offense is to be charged one class lower than the class applicable to the completed class A, B, C, and D felonies . . . ." **State v. Nibarger**, 304 S.W.3d 199, 202 (Mo. Ct. App. 2009). For instance, an attempt to commit an offense is a "[c]lass D felony if the offense attempted is a class C felony." Mo. Rev. Stat. § 564.011.3(3). "The offense of statutory sodomy in the first degree is an unclassified offense."[11] **Nibarger**, 304 S.W.3d at 202. When Petitioner was convicted,[12] the charge of attempted statutory sodomy could only be brought under § 564.011. In **Nibarger**, the court rejected a defendant's argument that he could not be convicted of an attempt to commit the unclassified offense of statutory sodomy because that offense "did not fit into any of the classified completed offenses enumerated in section 564.011." The court noted that Mo. Rev. Stat. § 557.021 expressly addressed penalties for attempts to commit an offense that was not classified. **Id.** The penalty for an attempt to commit statutory sodomy in the first degree was within the range

---

[11]"A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Mo. Rev. Stat. § 566.062.1.

[12]"Section 556.062 was amended in 2006 to expressly include within its ambit the offense to commit statutory sodomy, first degree." **Nibarger**, 304 S.W.3d at 202 n.1.

for a class B felony, i.e., five to fifteen years imprisonment. **Id.** Petitioner's five-year term is within this range. Thus, as with his sentence on Counts XI and XII, Petitioner's sentence on Count X is within any legitimate sentencing expectation created by the State and is not a violation of his due process rights. See **Toney**, 79 F.3d at 699.

## Conclusion

Petitioner raises nine grounds for habeas relief. For the reasons set forth above, each is procedurally barred or without merit. Accordingly,

**IT IS HEREBY ORDERED** that the 28 U.S.C. § 2254 petition and amended petition of Roy Taylor are DISMISSED without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of August, 2010.